## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE B. HODGE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 5600 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| | ) | |
| NCO FINANCIAL SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lonnie B. Hodge ("Hodge") filed in the Circuit Court of Lake County a small claims complaint against NCO Financial Systems, Inc. ("NCO"). NCO removed the case here on the grounds that Hodge's complaint states a violation of the Fair Credit Reporting Act. Defendant has filed a motion to dismiss to which plaintiff failed to respond. For the reasons set forth below, the Court grants in part and denies in part defendant's motion to dismiss and remands the case to the Circuit Court of Lake County.

## I.    Background

The Court takes as true the brief allegations in plaintiff's complaint.

Plaintiff Hodge drives on Illinois toll roads and, in theory, uses an IPASS to pay his tolls. Hodge alleges that his IPASS stopped working without his knowledge, which resulted in his accruing unpaid tolls and fees.

Hodge alleges that NCO put seven separate negative entries on his credit report for the unpaid tolls. Hodge alleges that he called NCO as soon as possible to resolve the matter, but NCO refused to return his calls. Hodge alleges that this is a scam to collect late fees.

Hodge demands that the late fees be waived and his credit restored.

## II.    Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965.

## III.    Discussion

Like the defendant in *Purcell v. Bank of Am.*, NCO removed the case to this Court on the grounds that plaintiff has set forth a claim for relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011).

Nonetheless, NCO argues that plaintiff's Fair Credit Reporting Act claim should be dismissed. The FCRA, at 15 U.S.C. § 1681s-2(a)(1)(A), states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). NCO argues that plaintiff's claim under this section must be dismissed, because there is no private right of action under §1681s-2(a). *See* 15 U.S.C. § 1681s-1(c)(1); *Purcell*, 659 F.3d at

-2-

623; *Rollins v. Peoples Gas Light and Coke Co.* 379 F. Supp.2d 964, 967 (N.D. Ill. 2005). The Court agrees and will dismiss with prejudice plaintiff's claim under the Fair Credit Reporting Act.

Plaintiff also seeks to have the late fees removed from his IPASS account. This claim is not connected to the furnishing of credit information, so it is not preempted. The claim does not arise under federal law, so the Court exercises its discretion to relinquish jurisdiction over this claim. *Purcell*, 659 F.3d at 623 ("Once the federal portion of a removed suit has been resolved, remand to state court is appropriate."). Defendant says the claim does not state a plausible cause of action, but that is for the state court to decide. The remainder of plaintiff's suit is remanded to the Circuit Court of Lake County.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court grants in part and denies in part defendant's motion to dismiss. Plaintiff's claim under the Fair Credit Reporting Act is dismissed with prejudice. The case is remanded to the Circuit Court of Lake County.

ENTER:

George M. Marovich
United States District Judge

DATED: November 21, 2014

-3-